**VAIMAONA FOLOI, ARIETA VAIMAONA,
LAU LAGIMA VAIMAONA, and TAU FUIAVA VAIMAONA,
for Themselves and on Behalf of the VAIMAONA FAMILY
of LAULI'I, Plaintiffs**

**v.**

**FA'AMAMAFA TUITASI, Defendant**

High Court of American Samoa
Land and Titles Division

LT No. 18-88

July 1, 1992

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and AFUOLA, Associate Judge.

Counsel:  For Plaintiffs, Togiola T. A. Tulafono
For Defendant, Charles V. Ala'ilima

Findings of Fact, Conclusions of Law, and Order on Remand:

The trial in this action was held on June 28, 1989, and the decision was issued on August 28, 1989. The issue of fraud in connection with the conveyance of a certain portion of the communal land of the Vaimaona family by plaintiff Vaimaona Foloi, as the sa'o or senior matai of the family, to defendant Fa'amamafa Tuitasi as her

1

individually owned land was the focus of the trial proceedings. The trial court determined that there was no fraud-in-fact; the Samoan custom of family consultation on major decisions was not a requirement of law in land-transfer transactions; the conveyance was completed in compliance with the provisions of A.S.C.A. §§ 37.0201 *et seq.*, concerning alienation of land; and the registration of the title to the land was done in accordance with the provisions of A.S.C.A. §§ 37.0101 *et seq.* For these reasons, the action was dismissed.

Plaintiffs' motion for a new trial was filed on September 7, 1989. The motion was heard on September 25, 1989, and the trial court's decision on the motion was issued on December 12, 1989. The trial court discussed at length the procedural irregularities raised by the motion, particularly with respect to notice requirements, in the title-registration process of the land in question under A.S.C.A. §§ 37.0101 *et seq.* However, the trial court upheld the validity of the conveyance under A.S.C.A. §§ 37.0201 *et seq.* and, on that basis, considered any procedural deficiencies in the title-registration process moot for purposes of this action. Thus, the motion was denied.

Plaintiffs' appeal was noticed on December 14, 1989, and the appellate decision, addressing two issues, was handed down on March 12, 1991. The appellate court upheld the trial court on the issue of family consultation. However, it disagreed with the trial court's decision to effectively quiet title to the land in Tuitasi, when the record below clearly evidenced irregularities, broadly described as the notice issue, regarding the registration of the title to the land and possibly the recordation of the deed transferring the land to Tuitasi. Hence, this action was remanded to the trial court for an evidentiary hearing and further findings of fact and conclusions of law on the notice issue. This evidentiary hearing was held on April 24, 1992.

FINDINGS OF FACT

The Territorial Registrar of the American Samoa Government, who did not testify at the trial contrary to the usual practice in actions involving titles to land, testified at the evidentiary hearing. Based on the testimony of the Territorial Registrar and other witnesses at the hearing, together with the records in the trial and appellate files in this action, the Court finds as follows:

1. The land at issue is situated in Aumi, which is a part of the Village of Lauli'i, American Samoa.

2

2. On November 7, 1977, Luaitaua Pele, the Pulenu'u or Mayor of Lauli'i, gave public, oral notice in the village, at a meeting of the chiefs thereof, of the time and place of the survey of the land. The survey was made by a Government surveyor and on November 18, 1977, was approved for registration by the manager of the Government's Survey Branch. The Surveyor and Pulenu'u Certificate, showing compliance with the requirements set forth in A.S.C.A. § 37.0102, was signed on December 20, 1977.

3. On January 19, 1978, Vaimaona Foloi offered the land for registration with the Territorial Registrar as the communal land of the Vaimaona family. The Notice for Proposed Registration of Land was posted from January 20, 1978, through March 21, 1978, in front of the courthouse and on two telephone poles in Aumi, as certified by the Affidavit of Posting issued by the Territorial Registrar on March 27, 1978. No objections to the proposed registration were received during the posting period. The land was then registered by the Territorial Registrar as the communal land of the Vaimaona family.

4. Vaimaona Foloi executed a warranty deed, dated as of December 23, 1977, and delivered on April 11, 1978, conveying the land to Tuitasi as her individually owned land. The trial court found that at some point between April 11, 1978, and August 6, 1987, the original of the deed was lost or destroyed and that the disappearance was a result of Arieta Vaimaona's unsuccessful efforts to complain about the conveyance to various Government officials and not due to any act of bad faith by Tuitasi.

5. On August 6, 1987, Tuitasi filed a copy of the deed with the Territorial Registrar for registration. Since she was not acting immediately upon an attorney's advice at that point, we find that she was generally aware of the land-registration requirements and intended to comply with those requirements. On the same day the Territorial Registrar, in his capacity as the Secretary of the Land Commission, issued the Commission's notice of the filing and prospective forwarding of the deed to the Governor for approval or disapproval and setting September 8, 1987, as the deadline for filing objections with the Secretary. This initiated the process for registration or recordation of the deed pursuant to A.S.C.A. §§ 37.0201 *et seq.* The notice was posted in front of the courthouse and on two telephone poles in the Village of Lauli'i from August 6, 1987, through September 8, 1987, a period of 34 days. The Affidavit of Posting issued by the Territorial Registrar

3

certifies the places and period of posting but was signed on August 6, 1987, before, rather than after, the posting period was completed.

6. The Land Commission considered this land transaction on September 28, 1987. Vaimaona Foloi twice participated in the hearing before the Commission. Although it is not entirely clear whether his two appearances were on the same day or different days, the Commission's deliberations were concluded, and its recommendation for approval of the conveyance was forwarded to the Governor on September 28, 1987.

7. The Governor appended his approval of the conveyance on the copy of the deed on October 20, 1987. On the same day, the Territorial Registrar registered the transaction in the Register of Land Transfers.

8. The Territorial Registrar's Certificate of Registration form is used to certify both registrations of title under A.S.C.A. §§ 37.0101 *et seq.* and recordations of transfer documents under A.S.C.A. §§ 37.0201 *et seq.* As the trial court indicated, the Certificate issued in this transaction is somewhat ambiguous. It clearly registers or records the deed itself. It also refers to registration as Tuitasi's "individually-owned land." The Registrar testified that when a deed seeks to change the status of land from communal land to individually owned land, the practice is to provide the required 60-day notice period before the Land Commission's hearing is held. However, with a posting period of only 34 days, the 60-day notice for the purpose of title registration under A.S.C.A. §§ 37.0102 *et seq.* was not afforded in this case.

## CONCLUSIONS OF LAW

Based on the foregoing findings of fact, and addressing in particular the issues of notice raised by the appellate court, the Court concludes as follows:

1. The appellate court rightly points out that compliance with the statutory notice requirements for registrations of title under A.S.C.A. §§ 37.0101 *et seq.* is an essential feature of the registration process. The importance of proper notice is graphically illustrated in this action by the sa'o's failure to follow the custom of family consultation before he deeded the land to Tuitasi. Notice then becomes the only means by which interested family members have an opportunity to voice objections to proposed title registrations, which is particularly important when communal land is proposed to be registered as individually owned land.

4

Details of posting become very significant. Posting at non-obvious locations, or in an area outside the village in which or nearest to which the land is situated, or for less than the mandated posting period can deprive family members of adequate opportunity to object to the registration of title. The customary official, government affidavit of posting showing these details and executed after the posting period closes, while not a legal requirement in the process, solidifies confidence in the title-registration program.

Plaintiffs suggest that the 1987 notices in this transaction were posted at places too remote from their family lands in Aumi. However, we do not need to take up this question, as the evidence clearly shows that the notices were posted for only 34 days in 1987, and there is no evidence that the Territorial Registrar was relying on the 60-day period afforded in 1978, when the land was registered as Vaimaona communal land, as a basis for registration of the title in 1987 in Tuitasi as her individually owned land. Since the 60-day notice period mandated under A.S.C.A. § 37.0103 was not met during the proceedings in 1987, there has not been a valid registration of the title to the land as Tuitasi's individually owned land under A.S.C.A. § 37.0101.

2. Tuitasi presented a copy of the deed to the Territorial Registrar in 1987 for registration without differentiating between registration of the title or recordation of the instrument, or both, as her purpose. The Registrar acted upon her offer as one for registration or recordation of the deed.

Although the instrument offered was a copy of the deed, its genuineness as a copy of the original has not been contested. The trial court found that the original was lost or destroyed as a result of Arieta Vaimaona's unsuccessful efforts to complain about the conveyance to various Government officials, after the deed was executed and delivered and before the copy was offered for registration. Her responsibility for the disappearance, and not any bad-faith act by Tuitasi, is also uncontested. Recordation of a genuine copy of a deed under these circumstances is consistent with evidentiary admission of a copy of an instrument as an exception to the best-evidence rule. *See* R.O.E. 1002, 1003, 1004(1). The passage of ten years, more or less, while lengthy, is not sufficient of itself to deprive Tuitasi of her land registration or instrument-recordation rights. The copy of the deed offered by Tuitasi was recordable and may be used for title-registration purposes.

5

The Territorial Registrar followed the procedural steps required for recordation of instruments. The Land Commission must provide the Governor with recommendations on proposed transfers of communal land and individually owned land before the Governor gives his essential approval to land-transfer transactions. A.S.C.A. §§ 37.0203, 37.0204. Implicitly, but not explicitly, the Land Commission should hold public hearings on proposed land transfers and, although there are no specific notice requirements, must give reasonable notice of its deliberations to interested persons, regardless of the forum selected to "study" proposed transactions.

The Land Commission held a hearing on the proposed conveyance in this action. The hearing was conducted after the notice for the filing of objections was posted for 34 days. Although there is some dispute over the suitability of the posting places in the Village of Lauli'i, and there is no record of any specific notice of the hearing date, Vaimaona Foloi, as the sa'o of the Vaimaona family and grantor in the deed, participated meaningfully in the hearing.

The Land Commission then recommended the Governor's approval of the conveyance, and the Governor approved it. Accordingly, the Territorial Registrar then registered the deed. Thus, the deed was duly registered for recording purposes under A.S.C.A. § 37.0210(a).

3. The Territorial Registrar's Certificate of Registration, dated October 20, 1987, is set aside with respect to the registration of the title to the land at issue in this action as Fa'amamafa Tuitasi's individually owned land, but is sustained with respect to the registration or recordation of the deed transferring the land to Tuitasi as her individually owned land.

It is so ordered.